# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| BRUCE BROOKER, REBECCA TEMPLE, LEGRAND ROBERTS, HAMP ADAMS and SIMS FUNERAL HOMES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PATRICK ROBINSON, DANIEL FARM LLC, CHELSEA FARM LLC, THUYVY FARM LLC, HOANG FAMILY FARM LLC, S&P GA FARMS LLC, HPS HOLDINGS, LLC, DAVID VARNEDORE, JR., and JOHN DOES NO. 1-5, <br><br> Defendants. | CV 525-102 |

## ORDER

Before the Court is Plaintiffs' Emergency Motion to Extend the Temporary Restraining Order and Motion for Remand and Costs and Expenses. Dkt. No. 7. Defendants have responded in opposition, dkt. no. 12, Plaintiffs have replied, dkt. no. 16, and the motion is ripe for review. For the reasons below, the motion is **GRANTED** to the extent Plaintiffs request remand.

### BACKGROUND[1]

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assoc., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-cv-233, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)).

Plaintiffs Bruce Brooker, Rebecca Temple, Legrand Roberts, Hamp Adams and Sims Funeral Homes, Inc. "are longtime residents and businesses in Coffee County, Georgia who own and/or occupy properties immediately adjacent to a planned 1,000-acre, 60-house commercial chicken operation along Highway 441 and the Satilla River." Dkt. No. 1-2 at 2. Plaintiffs allege Defendants Patrick Robinson, Daniel Farm LLC, Chelsea Farm LLC, Thuyvy Farm LLC, Hoang Family Farm LLC, S&P GA Farms LLC, HPS Holdings, LLC, David Varnedore Jr., and John Does No. 1-5 "are actively involved in the beginning stages of developing this massive industrial poultry operation." Id. at 2-3.

Plaintiffs filed suit against Defendants in the Superior Court of Coffee County, Georgia, on July 18, 2025. Id. at 1. Plaintiffs brought against all Defendants one count of "abatement of an anticipatory nuisance," pursuant to O.C.G.A. § 41-2-4. Id. at 11. In the initial complaint, Plaintiffs alleged their "[p]roperties are situated adjacent to a 7-tract property that is currently being developed by Defendants and planned to include 60 commercial broiler houses." Id. at 5. Plaintiffs alleged that "Defendants Daniel Farm, Chelsea Farm, Thuyvy Farm, Hoang Farm, S&P GA Farms, and HPS Holdings recently acquired six (6) of the seven (7) tracts from Defendant Varnedore" and that "[u]pon information and belief, Defendant Varnedore still owns Tract 6, which consists of approximately

2

78.67 acres and will include six chicken houses upon completion." Id. at 6.

In addition to filing a complaint, Plaintiffs moved the court for a temporary restraining order to stop development of the poultry operation. Id. at 21. On July 24, 2025, the court granted Plaintiffs' motion, ordering that Defendants "shall cease and desist from all physical development activities conducted upon the subject 1,000-acre site." See id. at 64.

On August 11, 2025, Defendants moved to dissolve the temporary restraining order and dismiss Plaintiffs' complaint, arguing, in part, that Coffee County, Georgia, was an improper venue because the only defendant who is a citizen of Georgia—Varnedore—is not a proper defendant. Id. at 100. Defendants posited:

> [W]hile Defendant David Varnedore Jr. is a resident of Coffee County, the allegations of Plaintiffs' Complaint are insufficient to tie venue to this resident defendant. Varnedore does not own any of the property at issue in Plaintiffs' Complaint nor is he engaged in the construction, development, or operation of the chicken houses. The sole allegations against Varnedore to support Plaintiffs' broad claims is set forth in ¶38 of the Complaint, which states:
>
>> Upon information and belief, Defendant Varnedore still owns Tract 6, which consists of approximately 78.67 acres and will include six houses upon completion.
>
> The allegation is NOT true and directly controverted by the fact that on May 22, 2025, (well before Plaintiffs' filed this action), Varnedore conveyed 78.67 acres, referred to as Tract 6, to S&P GA Farms, LLC via that certain Warranty Deed filed in the real

3

>property records of Coffee County, GA and recorded in Deed Book 2377 Page 135 . . . on June 3, 2025. This information was readily discernible by Plaintiffs prior to bringing this action.
>
>. . . .
>
>It is unclear why Plaintiffs have staunchly refused to dismiss Mr. Varnedore from this action despite repeated requests from Defendants' counsel and proof demonstrating his lack of ownership and control over any of the properties at issue.
>
>. . . .
>
>Prior to bringing this Motion, former counsel for Defendants respectfully requested that Plaintiffs dismiss Varnedore from this action, providing counsel with a courtesy copy of the referenced deed. Plaintiffs failed to do so. Current counsel repeated the same request[.]

Id. at 108-10.

In their answer to Plaintiffs' complaint, filed August 20, 2025, Defendants "denie[d] the allegation in Paragraph 38 of the Complaint," id. at 140, that is, Defendants denied that Defendant Varnedore still owned Tract 6, id. at 6. Attached to the answer is a Warranty Deed reflecting that Defendant David Varnedore conveyed "Tract 6" to Defendant S&P GA Farms LLC on May 22, 2025. Id. at 160-61.

On August 21, 2025, Plaintiffs filed an amended complaint against all Defendants. Dkt. No. 1-2 at 2. Therein, Plaintiffs allege that "Defendants Daniel Farm, Chelsea Farm, Thuyvy Farm, Hoang Farm, S&P GA Farms, and HPS Holdings recently acquired the seven (7) tracts from Defendant Varnedore whose conduct is

4

integral in the sale and preparation of the site for construction" and that "Defendant Varnedore previously owned and controlled each of these lots and is instrumental and actively involved in its subdivision and preparation for the construction of the houses." Id. at 7-8. Further, Plaintiffs allege that "[o]n May 29, 2025, Defendant Varnedore granted himself a perpetual access easement on, over, and across certain portions of Defendants' Property, evidencing his continuing involvement in Defendants' development." Id. at 8.

On September 19, 2025, Defendants filed a notice of removal, removing this case from state to federal court based on diversity jurisdiction and Plaintiffs' purported fraudulent joinder of Defendant Varnedore, the only Defendant who is a citizen of Georgia. Dkt. No. 1. On September 22, 2025, Defendants filed a motion to dismiss Defendant Varnedore from this action. Dkt. No. 6. Later the same day, Plaintiffs filed a combined motion to extend the temporary restraining order and motion to remand this case to state court. Dkt. No. 7. Defendants oppose Plaintiffs' motion. Dkt. No. 12.

## LEGAL AUTHORITY

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United

5

States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A defendant desiring to remove a civil action must file with the appropriate U.S. District Court a notice of removal "containing a short and plain statement of the grounds for removal," together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a).

The proper procedure for removal of state actions to federal court is provided by 18 U.S.C. § 1446(b). It states, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . . .
>
> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(1), (3). The Eleventh Circuit has clarified the requirements of this statutory provision, explaining that, "[u]nder the first paragraph of § 1446(b), a case may be removed

6

on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." Lowery v. Ala. Power Co., 483 F.3d 1184, 1215 n.63 (11th Cir. 2007). The Eleventh Circuit continued, "[u]nder the second paragraph, a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." Id. (quoting § 1446(b)). Finally, "[u]nder either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Id.

Finally, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." Id. (citations omitted).

## DISCUSSION

### I. Plaintiffs' Motion to Remand

Plaintiffs argue remand of this case to state court is appropriate on two bases: first, Defendants' removal was

untimely, and second, complete diversity among the parties does not exist. Dkt. No. 7 at 2. Because the Court finds Plaintiffs' first argument dispositive, it need not address the second argument.

### A. Defendants' Notice of Removal

Defendants base their removal of this case on diversity jurisdiction and Plaintiffs' alleged fraudulent joinder of Defendant Varnedore. See Dkt. No. 1. In the notice of removal, Defendants state that Defendant Varnedore "is a citizen of the State of Georgia who has been fraudulently joined in this matter because there is no factual or legal basis for a cause of action for anticipatory nuisance against [him], as he has no involvement in the construction or operation of the poultry operation Plaintiffs seek to enjoin and therefore has been joined as a party in this matter for the sole purpose of avoiding the jurisdiction of this Court." Id. at 6.

Notably, Defendants did not attempt to remove the case to federal court upon the filing of Plaintiffs' initial complaint. Instead, Defendant removed the case thirty days after the filing of the amended complaint. Id. at 1. In the notice of removal, Defendants note that, from the complaint to the amended complaint, Plaintiffs changed their allegations regarding Defendant Varnedore:

> In Plaintiffs' initial Complaint, Plaintiffs allege that "Defendants Daniel Farm, Chelsea Farm, Thuyvy

8

> Farm, Hoang Farm, S&P GA Farms, and HPS Holdings recently acquired six (6) of the seven (7) tracts from Defendant Varnedore" and "[u]pon information and belief, Defendant Varnedore still owns Tract 6, which consists of approximately 78.67 acres and will include six chicken houses upon completion."
>
> . . . .
>
> Plaintiffs' Amended Complaint now alleges that "Defendants Daniel Farm, Chelsea Farm, Thuyvy Farm, Hoang Farm, S&P GA Farms, and HPS Holdings recently acquired the seven (7) tracts from Defendant Varnedore whose conduct is integral in the sale and preparation of the site for construction" and that "Defendant Varnedore previously owned and controlled each of these lots and is instrumental and actively involved in its subdivision and preparation for the construction of the houses."
>
> Plaintiffs' Amended Complaint further alleges that "On May 29, 2025, Defendant Varnedore granted himself a perpetual access easement on, over, and across certain portions of Defendants' Property, evidencing his continuing involvement in Defendants' development."

Id. at 6-7 (quoting Dkt. No. 1-1 at 6, Dkt. No. 1-2 at 7-8). Defendants contend "[t]hese allegations are purely conjectural, are demonstrably false, and are made in bad faith only to defeat diversity jurisdiction." Id. at 8. Finally, Defendants state their removal of this case was timely because removal occurred thirty days after Defendants were served with the amended complaint on August 21, 2025. Id. at 2; see also id. at 1 (notice of removal filed Sept. 19, 2025).

If a defendant can ascertain from an initial pleading, like Plaintiffs' initial complaint, that federal jurisdiction exists, Section 1446 requires that the notice of removal be filed within

thirty days after defendant receives the pleading. § 1446(b)(1). Here, it is undisputed that Defendants did not file a notice of removal within thirty days of being served with Plaintiffs' initial complaint. On the other hand, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may *first* be ascertained that the case is one which is or has become removable." § 1446(b)(3) (emphasis added).

In their motion to remand, Plaintiffs respond that, although they filed their amended complaint on August 21, 2025, the amended complaint was not a "copy of an amended pleading, motion, order or other paper from which it may **first** be ascertained that the case is one which is or has become removable." Dkt. No. 7 at 7 (emphasis added) (citing 28 U.S.C. § 1446(b)(3)). Rather, Plaintiffs argue, "the purported grounds for 'fraudulent joinder' were first alleged in the original Complaint, and accordingly Defendants' deadline to remove was 30 days after July 21 [when Defendants were served], which was August 20, 2025." Id. Therefore, Plaintiffs argue, Defendants' removal of this case on September 19, 2025 is untimely. Id.

Defendants contend that "[t]his case, as stated by the initial Complaint, was not removable due to the lack of diversity of citizenship between the Plaintiffs and the

10

Defendants." Dkt. No. 1 at 2. This argument is not persuasive, however, because the amended complaint, on its face, also reflects the lack of diversity of citizenship—after all, Plaintiffs asserted claims against Varnedore, the only defendant who is a citizen of Georgia, in both the complaint and amended complaint. Defendants' notice of removal does not explain why only the amended complaint notified Defendants that the case was removable. See § 1446(b)(3).

"[W]e cannot agree that the [amended complaint] was the first time that Defendants could ascertain that the case was removable on the basis of fraudulent joinder." Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 893 (11th Cir. 2011); see also id. ("As Valencia is a defendant in this case, . . . there is no reason Defendants should not have been able to obtain this information earlier."). Indeed, the record shows that Defendants knew Defendant Varnedore had sold Tract 6 prior to August 11, 2025, the date Defendants filed their motion to dismiss. Dkt. No. 1-1 at 100. In that motion, Defendants argued Plaintiffs' allegation that Varnedore owns Tract 6 is "not true," and Defendants contended such "information was readily discernible by Plaintiffs prior to bringing this action." Id. at 109. Further, Defendants stated in the motion to dismiss that both former defense counsel and current defense counsel "requested that Plaintiffs dismiss

11

Varnedore from this action, providing counsel with a courtesy copy of the referenced [warranty] deed." Id. at 110. Why Defendants chose to file a motion to dismiss in state court on August 11, 2025 rather than a notice of removal based on diversity and fraudulent joinder is unclear. Had Defendants done so, their removal would have been timely, because August 11, 2025 is within the thirty-day removal window of Defendants' being served with the initial complaint on July 21, 2025. See § 1446(b)(1).

Regardless, it is obvious that Defendants were aware of the potential fraudulent joinder of Defendant Varnedore, and, thus, the availability of federal jurisdiction, well before Plaintiffs filed the amended complaint on August 21, 2025. Defendants' removal of this case on September 19, 2025 was therefore untimely.

### B. Defendants' Response Brief

In their response brief opposing Plaintiffs' motion to remand, Defendants double down on their contention that the thirty-day removal window began upon Plaintiffs' filing of the amended complaint:

> The basis for Defendants' removal arises not from the original allegations against Defendant Varnedore as Plaintiffs contend, but from the allegations of the Amended Complaint. Plaintiffs' July 18th Complaint asserted a nuisance claim against Defendant Varnedore based solely on the allegation that, like all the other named Defendants, he owned property which would include the construction of chicken houses. The fact

12

>that the allegations in the original complaint were incorrect is not the issue. Rather, the grounds for Defendants' assertion that Defendant Varnedore has been fraudulently joined, are that Plaintiffs chose not to dismiss their claims against Varnedore after learning that he did not own any property on which proposed chicken houses were contemplated and instead amended their allegations solely for the purpose of keeping him in the case. Defendants reasonably expected the claims against Defendant Varnedore would be dismissed. Defendants could not have known based on the allegations of the original complaint that Plaintiffs would change the theory of liability against Defendant Varnedore until Plaintiffs filed the Amended Complaint on August 21. The Amended Complaint is the first time Plaintiffs' pleadings acknowledged that Defendant Varnedore did not own any of the properties or proposed chicken farms they seek to enjoin and instead asserted a claim against him based on the allegation that because "Defendant Varnedore previously owned and controlled each of these lots [he] is instrumental and actively involved in its subdivision and preparation for the construction of the houses."

Dkt. No. 12 at 9 (citations omitted).

Defendants' argument is creative but not persuasive. One flaw in this argument is Defendants' conclusory statement that "[t]he fact that the allegations in the original complaint were incorrect is not the issue." Id. Defendants are mistaken. If one can ascertain from the original pleading that federal jurisdiction exists but for fraudulent joinder, the thirty-day period for removal begins when a defendant receives that pleading. § 1446(b)(1). That Plaintiffs' purported fraudulent joinder of Defendant Varnedore was perhaps more blatant in the amended complaint does not change the fact that fraudulent joinder and the availability of federal jurisdiction can be

13

ascertained from the initial complaint, wherein Plaintiffs incorrectly asserted Varnedore was liable for nuisance due to his ownership of Tract 6.  See, e.g., Bennett v. Zurich Am. Ins. Co., No. 5:12cv61, 2013 WL 3048493, at *2 (S.D. Ga. June 17, 2013) (noting that diversity jurisdiction existed as a result of fraudulent joinder because the complaint did not state a claim against the resident defendant and plaintiff could not possibly recover from the resident defendant).

Moreover, the evidence Defendants would have presented to this Court to show fraudulent joinder as to the original complaint is the same evidence Defendants presented to the state court on August 11, 2025 in their motion to dismiss. Dkt. No. 1-1 at 118 (warranty deed), 119 (legal description of land).  The Eleventh Circuit follows "the well-worn general principle that parties may submit materials outside the pleadings (such as deposition transcripts, affidavits and the like) in litigating a fraudulent joinder issue." Utsey v. New England Mut. Life Ins. Co., No. 07-0199, 2007 WL 1076703, at *1 (S.D. Ala. Apr. 9, 2007) (citing Legg v. Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005) (recognizing that fraudulent joinder determination is based on pleadings at time of removal "supplemented by any affidavits and deposition transcripts submitted by the parties" and that procedure for resolving such a claim "is similar to that used for ruling on a motion for summary judgment")).  Thus,

Defendants had all the evidence they needed to challenge Plaintiffs' inclusion of Varnedore as a defendant within the thirty-day removal window after service of the initial complaint on July 21, 2025.

Finally, Defendants' expectation that Plaintiffs would dismiss Varnedore as a defendant once they learned he no longer owned Tract 6 is immaterial. Defendants have cited no legal authority for the proposition that a party's reliance somehow tolls the thirty-day removal clock.

In summary, Defendants could ascertain from the original July 18, 2025 complaint that, but for the fraudulent joinder of Defendant Varnedore, diversity of citizenship would exist and the case would be subject to removal. Yet, Defendants did not remove the case until September 19, 2025. Dkt. No. 1. Defendants' removal is therefore untimely under § 1446(b)(1). Accordingly, Plaintiffs' motion to remand, dkt. no. 7, is **GRANTED**.

**II. Plaintiffs' Motion for Fees**

Next, Plaintiffs request that Defendants be required to pay the costs and expenses, including attorney's fees, Plaintiffs incurred as a result of the removal because Defendants' removal of this case was "blatantly and obviously improper and lacking in any objectively reasonable basis." Dkt. No. 7 at 2.

Under 28 U.S.C. § 1447(c), an order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Whether to award fees and costs under this section is within the Court's sole discretion." Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003); see also Taylor, 436 F. App'x at 889 ("The denial of costs and fees under 28 U.S.C. § 1447(c) is reviewed for abuse of discretion." (quoting Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006))). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005).

In this case, Defendants filed their notice of removal following Plaintiffs' amended complaint. They contend Plaintiffs' new allegations and obvious refusal to dismiss Defendant Varnedore from the suit was their first notice of the availability of federal diversity jurisdiction. The Court concludes that Defendants' explanation is objectively reasonable, and their attempted removal of this case was done in

good faith. Therefore, no attorney's fees or costs to the Plaintiffs shall be awarded.

## CONCLUSION

Plaintiffs' emergency motion to extend the temporary restraining order and motion for remand and costs and expenses, dkt. no. 7, is **GRANTED** to the extent Plaintiffs request remand. Defendants' removal of this case from state to federal court was untimely, and the case is hereby **REMANDED** to the Superior Court of Coffee County, Georgia. The Clerk is **DIRECTED** to close this case.

**SO ORDERED**, this 25th day of September, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA